UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WINTERS,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | No. 2:13-CV-00834-KJM-KJN<br><br><br>ORDER |

      The government moves for summary judgment on the single claim brought by plaintiff John Winters. Def.'s Mot. Summ. J. ("Mot.") at 1, ECF No. 16-1. The court heard argument on June 6, 2014, with Hank G. Greenblatt appearing for plaintiff and Gregory T. Broderick appearing for the government. As explained below, the court GRANTS the motion.

I.    BACKGROUND

      Plaintiff was injured when recreationally riding his motorcycle on June 10, 2012 in Eldorado National Forest. Stipulated Fact 1–2, ECF No. 17. Plaintiff alleges the injury occurred as a result of hitting a large pothole on Silver Fork Road, the impact of which caused him to lose control of the vehicle, fall to the ground and injure his shoulder. Compl. ¶ 7, ECF No. 2.

      The accident occurred on government property. *See* Stipulated Fact 3. Although the property is generally open to the public, plaintiff was not expressly invited onto

1  the land. *Id.* Plaintiff has no evidence that the government knew of the particular pothole at
2  issue before the date of the accident or that it had caused any other accidents, *id.* 5–6, and he
3  does not allege that the government engaged in willful or malicious conduct, *see id.* 7; Compl.
4  ¶¶ 1–8.
5        Bringing a single claim for negligence under the Federal Tort Claims Act
6  ("FTCA"), 28 U.S.C. §§ 2671–2680, plaintiff filed suit in this court on April 29, 2013.
7    II.     STANDARD
8        Summary judgment is proper where "there is no genuine dispute as to any
9  material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).
10 "Material" facts are those that "might affect the outcome of the suit under the governing law,"
11 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and an "issue of fact [is] . . .
12 'genuine'" where established by the presence or absence of "specific facts," not mere
13 "metaphysical doubt," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
14 (1986). A moving party is entitled to judgment as a matter of law "[w]here the record taken as
15 a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Id.* at 587
16 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)); *accord* FED. R.
17 CIV. P. 50(a) ("If a party has been fully heard on an issue . . . and the court finds that a
18 reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that
19 issue, the court may . . . grant a motion for judgment as a matter of law . . . .").
20       The moving party bears the initial burden of showing "that there is an absence of
21 evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325
22 (1986). If the moving party successfully does so, the burden shifts to the nonmoving party,
23 who "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus.*
24 *Co.*, 475 U.S. at 585. In carrying their burdens, both parties must "cit[e] to particular parts of
25 materials in the record . . . or show[] that the materials cited do not establish the absence or
26 presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to
27 support the fact." FED. R. CIV. P. 56(c)(1). On summary judgment, the court views all
28 evidence and draws all inferences therefrom in the light most favorable to the nonmoving party.

*Matsushita Elec. Indus. Co.*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).

III.    ANALYSIS

The government argues summary judgment is proper because plaintiff's claim is "barred by California's Recreational Use Immunity Statute[, California Civil Code section 846]." Mot. at 1, 3–5. Opposing, plaintiff insists the statute "does not immunize public entities" and is without application here. Pl.'s Opp'n to Mot. ("Opp'n") at 2–3, ECF No. 18. Further, plaintiff continues, the immunity statute is inapplicable because the accident occurred on an "ordinary highway," not in "a recreational area." *Id.* at 3–4. In reply, the government contends that the FTCA permits government liability only to the same extent as that of a private individual and that plaintiff draws a meritless distinction between a highway and a recreational area. Def.'s Reply to Opp'n at 1–3, ECF No. 19.

"A party may bring an action against the United States only to the extent that the government has waived its sovereign immunity." *Mattice v. U.S. Dep't of Interior*, 969 F.2d 818, 820 (9th Cir. 1992). Under the FTCA, the government waives immunity only to permit "liab[ility] . . . [for] tort claims[] in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674; *accord Rayonnier, Inc. v. United States*, 352 U.S. 315, 319 (1957) ("[T]he test established by the [FTCA] for determining the United States' liability is whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred."). Thus, although the court "look[s] to state substantive law" to determine liability, *Bressi v. Ford*, 575 F.3d 891, 899 n.9 (9th Cir. 2009); *see also Rayonnier*, 352 U.S. at 319, waiver of immunity is first determined by federal law, *see Mattice*, 969 F.2d at 820 (citing 28 U.S.C. §§ 1346(b), 2674). As in *Mattice*, the "inquiry here, therefore, is limited to whether a private person would be liable for [plaintiff]'s injuries under California law." *Id.* (citing *McMurray v. United States*, 918 F.2d 834, 836 (9th Cir. 1990)).

In California, a private "owner of any estate or . . . interest in real property . . . owes no duty of care to keep the premises safe for entry or use by others for any recreational

3

purpose or . . . warn[] of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose . . . ." CAL. CIV. CODE § 846; *see also Delta Farms Reclamation Dist. v. Superior Court*, 33 Cal. 3d 699, 710 (1983) (holding statute does not immunize "public entities"). However, the statute exempts from immunity "willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity," and "injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose;" it does not limit liability otherwise existing to "any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner." CAL. CIV. CODE § 846.

Here, the parties have stipulated both that plaintiff "was engaged in the recreational activity of riding his motorcycle at the time he crashed on Silver Fork Road," Stipulated Fact 2, and that there is no evidence any of the exceptions apply, *see* Stipulated Facts 3–7. Plaintiff does not contest these points. The court must thus conclude that a private party would be immune from liability for plaintiff's injuries.

Plaintiff nonetheless argues that though immunity might be appropriate for a private party, it is improper here because (1) the government is a public entity; and (2) the accident occurred on an ordinary highway. Opp'n at 2–3.

The court rejects both arguments. First, as noted above, the court must determine the extent of the United States' waiver of immunity before considering the extent of its liability under state law. *See Mattice*, 969 F.2d at 820. Under the FTCA, the government waives "only to the extent that a private person would be liable under like circumstances." *Id.* As such, "the United States must be treated as a private person for purposes of [the FTCA] analysis, even if a different rule would apply to California governmental entities." *Ravell v. United States*, 22 F.3d 960, 961 (9th Cir. 1994).

Plaintiff's reliance on *Delta Farms Reclamation District*, 33 Cal. 3d at 699, is misplaced. There, the California Supreme Court analyzed only the extent of a public entity's liability under state law. However, by operation of the FTCA, the only question before this

4

court is the extent of a private person's liability.  *See Ravell*, 22 F.3d at 961; *Mattice*, 969 F.2d at 820.

The court also rejects plaintiff's second argument.  Relying on *Seyler v. United States*, 832 F.2d 120, 122 (9th Cir. 1987), plaintiff argues "'[i]t would be absurd to apply the statute to an ordinary highway'" because "'[a]n ordinary highway is not a recreational area, and the intent of the statute would be ill served by applying it to one.'"  Opp'n at 3 (quoting *Mattice*, 969 F.2d at 822).[1]  On that reasoning, the *Seyler* court rejected application of an Idaho recreational immunity statute — more "far-reaching" than the instant California statute, *Mattice*, 969 F.2d at 822 — to an ordinary highway.  *Seyler*, 832 F.2d at 121–22.

*Seyler*'s consideration of a different statute from a different state distinguishes it from this case.  *Id.*  In California, "[t]here is no question that the [immunity] statute applies to public federal roads on recreational land."  *Mattice*, 969 F.2d at 821 (citing *Termini v. United States*, 963 F.2d 1264, 1265–66 (9th Cir. 1992); *Hubbard v. Brown*, 50 Cal. 3d 189, 192 (1990)).  "Application of the statute in this situation is not absurd because it will encourage the government to keep park land open for recreational use."  *Id.* at 822 (citing *Jones v. United States*, 693 F.2d 1299, 1302 (9th Cir. 1982)).

Here, Silver Fork Road runs through the Eldorado National Forest.  Thus, it is a public federal road on recreational land, and the California immunity statute applies to "encourage the government to keep park land open for recreational use."  *Id.* at 822.  That the road is paved is of no import.  *Id.* at 821.

Having established both the absence of a genuine dispute as to any material fact and its entitlement to judgment as a matter of law, the government has carried its burden.  Summary judgment is, therefore, proper.

/////
/////
/////

---

[1] Plaintiff claims to quote this language from *Seyler*.  However, the language actually appears in *Mattice,* in a passage paraphrasing *Seyler.*

IV.     CONCLUSION

As set forth above, the court GRANTS the motion.  The matter is closed.

IT IS SO ORDERED.

DATED:  June 11, 2014.

_____
UNITED STATES DISTRICT JUDGE